UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL CHRISTOPHER MOORE,
(Tarrant No. 0895275),
    Plaintiff,

vs.                                                      Civil Action No. 4:21-CV-1206-P

TARRANT COUNTY, TEXAS,

    Defendant.

## OPINION & ORDER OF DISMISSAL
## UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

The case is before the Court for review of pro-se-inmate/plaintiff Michael Christopher Moore's ("Moore") operative pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all Moore's claims under 42 U.S.C. § 1983 must be dismissed under authority of these provisions.

### BACKGROUND

Moore initiated this case with the filing of a civil-rights complaint form. Compl. 1-12, ECF No. 1. In order to clarify Moore's claims, the Court ordered Moore to answer the Court's particular questions in the form of a more definite statement. Ord. for More Definite Statement (MDS), ECF No. 11. Moore filed detailed answers to the Court's order in a more definite statement. MDS, ECF No. 12.

At the time of the filing of the complaint, Moore was housed in the Galveston County Jail. Compl. 2, ECF No. 1. Moore explained in the more definite statement, however, that he was released on bond for the two case numbers pending before the 213th District Court, Tarrant County, Texas, which he challenges in this proceeding, and was transferred to the Galveston County Jail to face an arrest warrant filed in Galveston County. MDS 6, ECF No. 12. In a document filed on April 12, 2022, Moore informed the Court that he was once again detained in the Tarrant County Jail. In forma Pauperis Motion 4, ECF No. 13.

Moore names only one defendant in this action, Tarrant County, Texas. Compl. 1-2, ECF No. 1 ; MDS 8-9, ECF No. 12. He makes two primary claims: (1)

he was denied the right to an examining trial before he was indicted; and (2) he was denied the right to a speedy public trial by an impartial jury. Compl. 5, ECF No. 1; MDS 1-5, ECF No. 12. Moore recites these claims in challenge to two state court charges filed against him in the 213th District Court, Tarrant County, Texas: case number 152882D (family assault) and case number 1629352D (evading arrest with a motor vehicle). MDS 6, ECF No. 12. Moore contends that the failure to provide him an examining trial and the violation of his right to a speedy trial, amount to violations of his rights under the Sixth and Fourteenth Amendments to the Constitution. *Id*. at 2, 5.

For relief in this action, Moore seeks both monetary damages and punitive damages: $800,000 related to the denial of an examining trial, and $750,000 for the denial of due process of law for the violation of his right to a speedy trial. Compl. 6, ECF No. 1; MDS 10-16, ECF No. 12.

**LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)**

Plaintiff Moore is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Moore is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the

2

speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

### A. 42 U.S.C. § 1997e(e) Limitation on Monetary Damages if no Physical Injury

When Moore filed this action on a prisoner complaint form, he invoked the Court's federal question jurisdiction by seeking relief against the government defendant under 42 U.S.C. § 1983.[1] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* Moore's claims under § 1983 against defendant Tarrant County, Texas seek compensatory monetary damages for violations of constitutional rights. Compl. 3, ECF No. 1. As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). As noted, Moore alleges violations of his rights under the Sixth and Fourteenth Amendments to the Constitution.

This physical injury requirement has long been recognized as applying to claims under the Eighth Amendment. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit subsequently held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal

---

[1] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

3

civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F. 3d 371, 375 (5th Cir. 2005). More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim arising from a strip search, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions,"* and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury preclude his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original).

      Other courts have held that an inmate's claims for compensatory damages for violations of the Fourteenth Amendment and the Fifth Amendment, without showing physical injury, are barred by § 1997e(e). *See Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (Fourteenth Amendment); *Allen v. Holden*, No. 10-0753-JJB-DLD, 2012 WL 3902401, at *5 (M.D. La. Aug. 15, 2012), *rep. and rec. adopted*, 2012 WL 3901954 (Sep. 7, 2012) (Fourteenth Amendment); *Rogers, v. Newman*, No. 5: 04-cv-193 DCB-JCS, 2006 WL 1520298, at * 1 (S.D. Miss. Apr. 7, 2006) (Fourteenth Amendment); *see also Schaller v. United States*, No. 3:10-cv-444-WS-EMT, 2011 WL 7052267, at *4 (N.D. Fla. Dec. 29, 2011), *rep. and rec. adopted*, 2012 WL 136007 (Jan. 17, 2012) (Fifth Amendment). And, another court has applied the limitation in § 1997e(e) to bar a plaintiff's claims under the Sixth Amendment that did not include any allegations of a physical injury as a result of such violation. *See Williams v. Wright*, No. 2:19-040-WDB, 2019 WL 2236257, at *3 (E.D. Ky. May 23, 2019).

      Courts in this circuit have recognized that § 1997e(e) bars a Plaintiff from seeking monetary damages to compensate for emotional or mental injury, absent a showing of physical injury in other contexts. *See generally Logan v. Honeycutt,* No. 12-156-JJB-SCR, 2012 WL 3903501, at *3 (M.D. La. July 24, 2012) (holding that Plaintiff's failure to allege that he sustained a physical injury as a result of alleged retaliation prohibits him from recovering compensatory damages pursuant to 42 U.S.C. § 1997e(e), *rep. and rec. adopted*, 2012 WL 3903452 (Sep. 7, 2012); *Hodge v. Stadler*, No. 04-0965, 2006 WL 1560754, at *3 (E.D. La. May 24, 2006) ("Arguably, it may seem counterintuitive that a prisoner's damage claim for a purely

nonphysical form of retaliation would be barred unless he can show a physical injury suffered in connection with the claim. Nevertheless, this Court finds that is in fact the result mandated by the decision of the United States Fifth Circuit Court of Appeals in *Geiger v. Jowers*, 404 F.3d 371 (2005)").

Moore has not alleged any physical injury. In response to a question in the form complaint as to whether he sustained any injury Moore wrote "emotional trauma and distress." Compl. 6, ECF No. 1. And in response to the Court's question in the order for more definite statement concerning whether he sustained any physical injury Moore wrote: "No. I do not allege . . . any physical injury as a result of the allegations of this complaint. I received no medical care as there were never any physical injuries sustained as a result of the allegations of this complaint." MDS 17, ECF No. 12. Applying the above cited holdings to the instant case, no matter the substantive constitutional violations asserted by Moore against the Defendant, the failure to allege physical injury bars his claims for recovery of any compensatory monetary damages. Thus, Moore's claims for compensatory monetary damages are barred under 42 U.S.C. § 1997e(e).

    **B.**  **No Claim for Punitive Damages Against Tarrant County, Texas**

The physical injury provision § 1997e(e) does not preclude claims for nominal or punitive damages. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). As noted, Moore seeks punitive damages against the only named defendant Tarrant County, Texas. Compl. 6, ECF No. 1. He seeks a total of $1,550,000. *Id.* The United States Supreme Court held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981); *see also Davis v. West Community Hospital*, 755 F.2d 455, 459, 467848 (5th Cir. 1984) (no punitive damages against a municipal hospital). Thus, Moore cannot recover punitive damages from municipality Tarrant County, Texas. *See Stern v. Hinds County*, 436 F. App'x 381, 382 (5th Cir. 2011) ( Plaintiff "Stern cannot recover punitive damages from Hinds County under § 1983"); *"Feliz v. El Paso County*, 441 F. Supp. 3d 488, 507 (W.D. Tex. 2020) ("Plaintiff is not entitled to recover punitive damages from the County in this matter") (citing *McMillen v. New Caney Ind. Sch. Dist.*, 939 F.3d 640, 647 n.1 (5th Cir. 2019)). As a result, Moore's remaining claims for punitive damages must be dismissed.

## CONCLUSION & ORDER

It is therefore **ORDERED** that all plaintiff Michael Christopher Moore's claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **12th day** of **May, 2022**.

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE